**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

August 24, 2020

*VIA E-MAIL*
Honorable Debra Freeman
United States Magistrate Judge
Southern District of New York
United States Courthouse
500 Foley Square
New York, New York 10007

      Re:    *United States v. Corey Smith*, 20 Mag 8458 (UA)

Dear Judge Freeman:

      I write to seek a bail modification on behalf of my client, Corey Smith.[1] Specifically, we request that the Court permit Mx. Smith to travel to Washington, D.C. between August 27 and August 30, so that they can participate in peaceful demonstrations being coordinated by various organizations, including the NAACP, to commemorate the historic 1963 March on Washington. If permitted to travel, Mx. Smith will stay at a friend's house and will provide a detailed itinerary, including contact information, to their supervising pretrial officer. While in D.C., Mx. Smith also will comply with the curfew that was set by Magistrate Wang as part of Mx. Smith's bail conditions.

      On August 13, 2020, Mx. Smith was arrested on a Complaint in which it is alleged that they and others conspired to cause damage to an empty NYPD van by throwing a homemade explosive device into or near the vehicle at around 4 o'clock in the morning on July 15, 2020. Mx. Smith has no criminal record.

---

[1] Mx. Smith's preferred pronouns are they/their/them.

Judge Freeman                                                                                         Page 2
August 24, 2020

      Re:    *US v. Smith,* 20 MAG 8458

They are 24 years old and a recent graduate of Morehouse College. They are gainfully employed.

      At their presentment, the government agreed with defense counsel that releasing Mx. Smith pursuant to bail conditions was appropriate. The parties, however, did not agree on all of the conditions. Judge Wang heard a lengthy bail argument during which the government sought home-confinement. In support of its application for home-confinement, the government argued that the restriction would ensure that Mx. Smith did not participate in ongoing protests for Black Lives Matter, Defund the Police, and other similar movements—movements, the government argued, motivated the commission of the alleged offense.

      Recognizing that a restriction of an individual's ability to peacefully protest was a clear violation of their First Amendment rights, Judge Wang rejected the government's application for home-confinement. Mx. Smith was released on a $100,000 Personal Recognizance Bond, cosigned by two financially responsible individuals, with all of the standard conditions and a special condition that Mx. Smith comply with a curfew between 11:00 p.m. and 6:00 a.m. Since their release on August 13, 2020, Mx. Smith has been fully compliant with all of the bail conditions.

      The government opposes Mx. Smith's request. Pretrial Services, also objects to Mx. Smith's request to travel because, based on the nature of the charges, it opposes Mx. Smith's participation in a march, protest, or demonstration. However, as Judge Wang already recognized, a bail condition that, as applied, prohibits Mx. Smith from *peacefully* protesting is a violation of their First Amendment rights and one that is far more restrictive than necessary to satisfy the objectives of the Bail Reform Act. Accordingly, the Court should permit Mx. Smith to travel to D.C. to exercise their fundamental right to assemble and protest. Mx. Smith, of course, is subject to other bail conditions that address any concerns relating to public safety, including a curfew condition and a condition that requires them to comply with all laws, including laws that prohibit acts of violence or vandalism.

Re:    *US v. Smith,* 20 MAG 8458

Where, as here, a bail restriction impinges on a defendant's constitutional rights, the Court must take special care to ensure that the condition is not enforced in an overly restrictive manner. As cited approvingly in *United States v. Arzberger*, 592 F. Supp. 2d 590, 606 (S.D.N.Y. 2008), judges in other courthouses have recognized "[w]ithout question, a defendant who is under court supervision, including based on a conditional pretrial release order, does not necessarily forfeit all of his or her First Amendment rights." (citing *United States v. Murtari,* Nos. 5:07–CR–0428, 5:07–CR–406, 5:08–CR–0059, 5:08–CR–0060, 2008 WL 687434 (N.D.N.Y. March 11, 2008)). "Consequently, in fashioning suitable conditions to govern the defendant's release pending trial…, [a] court [is] required to do so in a manner which would result in no greater intrusion upon defendant's constitutional rights, including those guaranteed under the First Amendment, than reasonably necessary in order to effectuate the objectives of the Bail Reform Act, and to additionally insure defendant's compliance with the court order." *Id.*

In other words, a court must reject a condition that serves as a blanket restriction on a defendant's constitutional rights where, as here, narrower, more tailored restrictions effectively address the goals and objectives of supervision. As explained by the Second Circuit in the context of a condition imposed on a supervised releasee, when a condition implicates a "fundamental liberty interest," courts "must carefully examine it to determine whether it is 'reasonably related' to the pertinent factors, and 'involves no greater deprivation of liberty than is reasonably necessary,' and [the] application of these criteria must reflect the heightened constitutional concerns. If the liberty interest at stake is fundamental, a deprivation of that liberty is 'reasonably necessary' only if the deprivation is narrowly tailored to serve a compelling government interest." *United States v. Myers,* 426 F.3d 117, 126 (2d Cir. 2005).

Grounded by these legal principles, as Judge Wang was when she ruled on the government's application for home-confinement, courts routinely reject proposed bail conditions that, when enforced, unnecessarily infringe on a defendant's fundamental rights. For example, in *United States v. Hernandez,* 209 F.Supp.2d 542, 544 (E.D.N.Y. 2016), Judge Weinstein refused to impose a condition of supervised release that would have prohibited the defendant, who

Judge Freeman                                                                                                     Page 4
August 24, 2020

Re:   *US v. Smith,* 20 MAG 8458

had been convicted of possessing child pornography, from attending church services where minors were present. Instead, Judge Weinstein imposed a more tailored condition permitting attendance, but prohibiting any physical touching of a minor. *Id.*

Against this legal and factual backdrop, a bail condition here that, when enforced, precludes Mx. Smith from participating in peaceful protests implicates "a fundamental liberty interest," triggers "heightened constitutional concerns," and is not "narrowly tailored" to serve the objectives of the Bail Reform Act in the least restrictive manner. For these reasons, we ask that the Court permit Mx. Smith to travel to D.C. so that they can exercise their right to participate in peaceful protest.

Respectfully submitted,
/s/ JULIA GATTO
Julia L. Gatto
Assistant Federal Defender
212.417.8750

cc:   AUSA Christy Slavik (via email)
      USPO Mohammed Ahmed (via email)

Having reviewed this application and the Government's letter in opposition; and on the understanding, from defense counsel, that Defendant has waived his right to appear for a bail-modification argument and is willing to have the Court decide this matter on the basis of the parties' written submissions; the application for a bail modification is hereby DENIED, for substantially the reasons set forth by the Government in its opposition.

Dated:  08/26/2020
SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge