```
                                                            USDC SDNY
                                                            DOCUMENT
UNITED STATES DISTRICT COURT                                ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                               DOC #:_____
---------------------------------------------------------------X    DATE FILED: 2/14/2025
                                                       :
UNITED STATES OF AMERICA                               :
                                                       :
              -v-                                      :    20-cr-544 (LJL)
                                                       :
COREY SMITH,                                           :    MEMORANDUM AND
                                                       :          ORDER
                            Defendant.                 :
---------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Defendant Corey Smith moves, pursuant to 28 U.S.C. § 358(e), for early termination of their[1] term of supervised release. Dkt. No. 110. Mx. Smith's term of supervised release began on December 16, 2022. It is scheduled to conclude December 16, 2025. The Southern District of New York's Probation Office also requests early termination of supervised release, and the United States Attorney's Office defers to probation. *Id.* at 1; Dkt. No. 112. The motion is granted and Mx. Smith's term of supervised release is terminated effective immediately. However, Mx. Smith's restitution obligations shall continue.

Mx. Smith committed a very bad crime out of understandable frustrations. During the Black Lives Matter protests, they and their co-defendant attempted to set fire to an NYPD Homeless Outreach van. Dkt. No. 91 at 50–51. In so doing, they showed a disrespect for the rule of law and put at risk members of the community who could have been harmed by the burning vehicle. At the same time, however, at sentencing the Court recognized that Mx. Smith's crime was "an aberrant act . . ., motivated by frustrations building up over time and the emotions of the moment." *Id.* at 54; *see also id.* at 57, 60. The Court noted that Mx. Smith had a "pristine record" and much to be proud of. *Id.* at 59. Having been raised by their mother

---

[1] Mx. Smith is transgender and uses the pronouns "they," "them," and "their."

in a single-parent house after their father abandoned the family, Mx. Smith was a honors student in high school and student government president while maintaining part-time employment,: at age 14, worked as an intern with at-risk youth, graduated at the top of their class, excelled at Morehouse College, and was pursuing graduate work in media studies. *Id.* at 59–60. Mx. Smith's involvement with the community and concern for members of the community was "something to be applauded." *Id.* at 60.

Section 3583(e)(1) of Title 18 of the United States Code empowers the Court to terminate a term of supervised release at any time after the expiration of one year of a supervised release term so long as the court determines that such action is warranted by the conduct of the defendant and is in "the interest of justice." 18 U.S.C. § 3583(e)(1). The Court is required to consider the factors set forth in Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). In short, the Court is required to consider the factors in Section 3553(a) "which bear on 'deterrence, public safety, rehabilitation, proportionality, and consistency.'" *United States v. Gonzalez*, 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)). The United States Sentencing Guidelines encourage courts "to exercise this authority in appropriate cases." U.S.S.G. § 5D1.2, comment. (n.5) (2021 manual). "Early termination 'is not warranted as a matter of course.'" *United States v. Wheeler*, 2023 WL 4561591, at *1 (S.D.N.Y. July 17, 2023) (quoting *United States v. Fenza*, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)). On occasion, "changed circumstances" may make it appropriate for a court to reduce a term of supervised release. *Lussier*, 104 F.3d at 36. Those changed circumstances can include the "exceptionally good behavior by the defendant" on supervised release which may "render a previously imposed term or condition of release . . . too harsh or inappropriate tailored to serve the general punishment

goals of section 3553(a)." *Id.* However, new or changed circumstances are not required so long as the Court considers the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016).[2]

Early termination is appropriate here. Mx. Smith has served their term of imprisonment and home confinement and has satisfied their community service obligations. Dkt. No. 110 at 2. The interests of just punishment and general deterrence have been satisfied; there never was a need to specifically deter Mx. Smith or to incapacitate them. There is no evidence that they pose a risk to the community. Mx. Smith has secured employment and housing, is making restitution payments, and has been generally compliant with the terms of their supervised release.[3] There also exist changed circumstances. Mx. Smith has been supervised by the United States District Court for the Western District of Missouri where Mx. Smith resides. Dkt. No. 110 at 1. But that office recently indicated that it will no longer supervise Mx. Smith as a matter of courtesy to the Southern District of New York, thereby requiring Mx. Smith to leave Missouri where they have a full-time job as a resident director at a university in Kansas City and to move to New York City where they do not have a job or housing. As Mx. Smith's counsel aptly notes, "[f]orcing Mx. Smith to [quit their job, leave their home, and relocate to New York] runs counter to every purpose of supervised release, and would set them back dramatically." *Id.* at 3. Such an outcome would not be in the interest of justice.

---

[2] The Sentencing Commission has recently urged renewed attention to supervised release and highlighted that supervised release should be imposed based on an "individualized assessment of the defendant" only to served rehabilitative needs and to protect the public from further crimes of the defendant and not for punitive reasons.

[3] The probation office in the Western District of Missouri charged Mx. Smith with a violation of supervised release for several minor alleged offenses. Dkt. No. 110 at 1–2. Those have been redressed and explained and do not show any risk of danger to the community. *Id.*

The Court accordingly dismisses the pending VOSR petition and terminates Mx. Smith's remaining term of supervised release. However, Mx. Smith's restitution obligations shall continue.

SO ORDERED.

Dated: February 14, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge